■ AMBASSADOR CONSTRUCTION CO., INC., Appellant, v DURST ORGANIZATION, INC., et al., Respondents. — Order of the Supreme Court, New York County (Sutton, J.), entered July 17, 1980, granting defendants' motion for summary judgment reversed, on the law and the facts, with costs, and the motion denied. Defendants are the landlords of an office building located at 733 Third Avenue, New York City, and the in-house construction firm for the landlords. On April 20, 1979 a lease by U.S.I. Credit Corp. (U.S.I.) with the landlords for the period November 1, 1979 through April 30, 1990 was entered into. Among other provisions the lease included a stipulation which read, in part, as follows: "Alterations: 3. Tenant shall make no changes in or to the demised premises of any nature without Landlord's prior written consent which consent shall not unreasonably be withheld. Subject to the prior written consent of Landlord, and to the provisions of this article, Tenant at Tenant's expense, may make alterations, installations, additions or improvements which are nonstructural and which do not affect utility services or plumbing and electrical lines, in or to the interior of the demised premises by *using contractors or mechanics first approved by Landlord.*" (Emphasis supplied.) U.S.I. decided to make certain improvements in the premises leased by it. It retained an architect to prepare the necessary renderings. Thereafter, through the architect, it requested plaintiff to bid on the proposed alterations. Plaintiff's initial bid of $184,000 was accepted by U.S.I. Thereafter and based upon a revision of the plans, a new bid was requested. On November 1, 1979 plaintiff submitted a revised bid totaling $202,500. Plaintiff contends that defendants, upon becoming aware that plaintiff had submitted its first bid upon the alteration contract, informed U.S.I. that plaintiff was not an approved contractor and would not be permitted to enter the building to perform the work. It also submitted a list of three approved contractors to U.S.I. On November 2, 1979, the day following the submission of plaintiff's revised bid, defendant, S.T. Rud Construction Corp. (Rud), the in-house contractor for the building, which had also been asked to bid on the alteration contract although not on the approved list, submitted a bid of $252,183. This was revised downward on November 12, 1979 to $233,300. On November 13, 1979 plaintiff sought information from defendants on how it could be approved as a contractor. It was informed, categorically, that approval to work in the building would not be forthcoming. One week later a conference was held among representatives of U.S.I., its architects and defendants, including Rud. After it was reiterated that plaintiff would not be approved, Rud again revised its bid downward to $211,390. The contract was then awarded to it. Thereupon plaintiff commenced this action seeking injunctive relief, treble damages under the Donnelly Act (General Business Law, § 340, *et seq.)*, plus attorneys' fees and costs. Subsequent to the joinder of issue plaintiff served a notice to take the deposition of defendants. However, before such depositions were commenced defendants moved for summary judgment. As a result all disclosure was stayed (CPLR 3214, subd [b]). Special Term was of the opinion that the sponsorship of Rud was merely a recommendation and that such conduct was not in restraint

of trade and did not, as a matter of law, violate the Donnelly Act. Accordingly, it granted the motion for summary judgment. We disagree. It is unnecessary for our purposes to treat with the claimed per se violation of the Donnelly Act. It is sufficient to note that enough has been shown to warrant inquiry into the practice followed by defendants and whether that practice, in fact, imposed a restraint upon trade. Since this entails "a comprehensive rule of reason inquiry" *(Columbia Gas of N. Y. v New York State Gas & Elec. Corp.,* 28 NY2d 117, 128), in which "motive and intent play leading roles [and] the proof is largely in the hands of the alleged conspirators" *(Poller v Columbia Broadcasting,* 368 US 464, 473), it is apparent that this type of action is singularly inappropriate for summary disposition. Concur — Kupferman, J.P., Sullivan, Markewich, Bloom and Fein, JJ.